IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDDIE DICKARD, Individually and
on behalf of other similarly situated.                                                          PLAINTIFF

      V.              NO.  5:06-cv-05176-RTD

OKLAHOMA MANAGEMENT SERVICES
for PHYSICIANS, LLC and
ORTHOPEDIC MANAGEMENT SERVICES,
LLC.
                                                                                DEFENDANTS

O R D E R

      Before the court is the Plaintiff's Motion to Compel (Doc. 54) filed June 21, 2007.  The Defendants filed their Response (Doc. 73) on July 6, 2007 and the Plaintiff has filed his Reply (Doc. 76) on July 13, 2007.  A hearing was conducted by the court on August 22, 2007.

**Background:**

      Plaintiff filed this class action suit filed on August 18, 2006, seeking recovery for alleged fraud and conversion under Arkansas common law and for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. section 1601 *et seq*. At the heart of Plaintiff's allegations are the assertions that Defendant failed to disclose in each communication it made to the putative class members from August 18, 2001, to the present that it was not registered with the Arkansas State Board of Collection Agencies to collect claims in the State of Arkansas. *See Ark. Code Ann*. 17-24-301.  The Plaintiff contends the Defendant is a debt collector under the FDCPA and, as a result of violating Arkansas law, used a false, deceptive or misleading means in collection of the debts in Arkansas.  The Defendant filed its Answer on September 9, 2006, and on October 11, 2006, OMS amended its Answer.

The complaint provided that the action was by Eddie Dickard "on behalf of all individuals who are residents of the State of Arkansas and have been contacted by Defendants in an attempt to collect a consumer debt." (Doc. 1, para. 1)

The Complaint defined the class as "Arkansas residents who have been contacted by the Defendant regarding the collection of alleged outstanding consumer debts from August 18, 2001 to the present". (Doc. 1, para. 32)

It appears that Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC are companies that actually provide medical services and that such services were provided to Plaintiff. It also appears that Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC contracted with OMS to handle the billing and collection of the debts that patients owe Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC . (Doc. 73-6, Exhibit 16)

The initial complaint listed Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC as additional Defendants. The Plaintiff moved to dismiss Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC (Doc. 44) after he discovered that these defendants were not the actual debt collectors but turned their debts over to the OMS defendants. The Motion to Dismiss Intraoperative Monitoring Company, LLC and American Intraoperative Monitoring, LLC was granted (Doc. 45) on May 3, 2007.

The Plaintiff sought discovery of all contacts made by OMS with Arkansas Residents, disclosure of contracts between OMS and other debt recovery agencies that have attempted to collect from Arkansas residents, and financial disclosure of OMS and any parent company.

The Defendant filed Objections to the First Set of Request to Production (Doc.54-5) and Objections to Interrogatories. (Doc. 54-6) Initially the Defendant filed numerous "General

Objections".   Blanket objections, however, are specifically prohibited in this district. LOCAL RULE 33.1(b) states:

> A blanket objection to a set of interrogatories, requests for admissions, or requests for production will not be recognized. Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound. It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity.

To the extent that OMS has made blanket objections those objections will be stricken and not considered by the court but the court does find that OMS has made other specific objections which were made in conjunction with the blanket objections.

The Defendants contended in its Opposition to Plaintiff Motion to Compel that "[A]ll of the facts alleged in the Complaint are based upon the relationship between joint actions of IM and OMS.  Plaintiff alleges that [sic] that IM and OMS actions were taken 'in concert together and often times as one entity.' (Comp. at par. 7) Additionally, Plaintiff collectively defines 'Defendant' to include both IM and OMS and defines the putative class as those Arkansas residents whom 'Defendants [i.e., IM and OMS] ... repeatedly contacted.... regarding outstanding consumer debt.'  (Ex. 3 & 4 at par. 1; Comp. at par. 11).  Because Plaintiff's Complaint focuses exclusively on IM and OMS that, as a single entity, contacted putative class members, Plaintiff's recent discovery request that seek information not related to IM are neither relevant nor are they reasonably calculated to lead to the discovery of relevant evidence regarding IM and OMS's actions.  (Doc. 72, page 12) The Defendant also contends that financial disclosure is premature until there has been a finding of fraud.

## Discussion:

### Is Discovery Limited to only OMS debts submitted to it by IM?

Interrogatory No. 6 asked the Defendants to "[I]dentify each and every communication defendants have had with the plaintiff and/or putative class members, relating to the facts that are the subject of this litigation and please state the dates, method, substance of, and the reason for such communication on each occasion.  Please also identify all person involved in each communication, and any and all documents received, associated with or created as a result of the communication".

Interrogatory No. 8 asked the Defendant to "[I]dentify each person within the State of Arkansas defendants communicated with pertaining to billing services and/or account collections from August 18, 2003 to present".

The Defendants' first claim is that discovery should be limited to contacts made with the State of Arkansas on debts which were referred to it by IM.  The Defendant bases this argument on the fact that the Plaintiff, when the complaint was originally filed, stated that the complaint was "[B]ased on information and belief, the named Defendants act in concert together and often times as one entity".  (Doc. 1, para. 7)

The Defendants construction of the Plaintiff's complaint seems strained to the Court and ignores paragraph one of the complain as well as the fact that the IM defendants were dismissed from the lawsuit.

A normal reading of the complaint clearly indicates that the action is on behalf of all individual who are residents of the State of Arkansas and have been contacted by OMS.  (Doc. 1, par.1) The only Defendants remaining in the lawsuit are the OMS Defendants.  The Plaintiff specifically alleged that Defendants were not authorized to collect debts in Arkansas because they had not registered with the State or obtained the necessary license. It is clear that the only Defendant who is alleged to have taken any illegal action is the OMS Defendants.

Essential function of notice pleading is to give opposing party fair notice of nature and basis or grounds for claim, and general indication of type of litigation involved. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A. *Northern States Power Co. v. Federal Transit Admin*. 358 F.3d 1050 (C.A.8 (Minn.),2004)

Any normal reading of the Plaintiff's complaint would inform OMS that they were being sued for not being licensed to collect debts from Arkansas debtors within the State of Arkansas. The fact that the named Plaintiff's debt was from Intraoperative Monitoring Company, LLC is coincidental to the lawsuit and it is clear that OMS was put on notice that the lawsuit deals with ANY contact made by OMS with any Arkansas resident.

The Plaintiff's Motion to Compel **Interrogatory No. 6 is GRANTED** and the Defendant is instructed to answer the Plaintiff's Interrogatories within fourteen days in a manner consistent with the Court's interpretation of the pleadings.

The Plaintiff's Motion to Compel **Interrogatory No. 8 is GRANTED** and the Defendant is instructed to answer the Plaintiff's Interrogatories within fourteen days in a manner consistent with the Court's interpretation of the pleadings.

### Can Discovery include contracts between OMS and other third Parties?

The next category of Interrogatories and Request deal with the request for relationship that OMS may have with other third parties for the collection of consumer debt in Arkansas.

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P.

26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

In this case it is clear that the evidence the Plaintiff seeks is relevant. The Plaintiff alleges that the OMS was not licensed to collect debts in Arkansas in violation of state statue.  The Plaintiff also alleges that OMS violated 15 U.S.C. 1692e which provides that "[A] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt'.  The Court by its ruling on Discovery is in no manner indicating that a violation of Ark. Code. Ann. 17-24-301 is a per se violation of 15 U.S.C. 1692e or that OMS can be considered a "debt collector" within the meaning of the statute,  but that the evidence is relevant if a violation of 15 U.S.C. 1692 has occurred.  If the Plaintiff can prove that a violation of 15 U.S.C.1692e the statute provides that the court can consider the following factors in assessing damages: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of person adversely affected, and the extent to which the debt collector's noncompliance was intentional". In this instance, if OMS, did not seek to collect the debt directly, but contracted out such a procedure, it seems relevant to the court that such information MAY lead to discoverable information.

**Request for Production No. 18 is GRANTED** as it relates to contracts with other persons, partnerships, corporations, or firms seeking to collect accounts in Arkansas which were

referred by OMS and the Defendant is instructed to answer the Plaintiff's Interrogatories within fourteen days.

**Is Discovery Limited to the collection efforts made within the last four months?**

The Defendant contends that the computer software program it uses in the debt collection efforts only keeps track of the last four months of billing efforts and that it has no way to reconstruct or tell what contacts were made within the State of Arkansas after four months.

In response to Plaintiff's discovery request the Defendant, on March 21, 2007, represented that "[D]uring the four year period , OMS possessed records for 267 Intraoperateive Monitoring (IM) patients with addresses in Arkansas.  Two hundred and sixteen of those patients received neither a statement nor a payment due notice from OMS.  Please see Exhibit B." (Doc. 73, Exhibit 2, page 1of 12)

The attached Exhibit contained a spread sheet that contained the following information:

| Pat # | City | State | Charge | |
|---|---|---|---|---|
| 0005834 | Saint Joe | AR | 1094.00 | Work comp-no statements |
| 000593 | Elkins | AR | 527.35 | no statements |
| 0005949LR | Springdale | AR | 1124.35 | no statements |

(Doc. 73, Exhibit 2, page 8 of 12)

On July 5, 2007 in the Response in Opposition to Discovery the Defendant stated the following in regards to the three accounts:

| | | | | |
|---|---|---|---|---|
| 0005834 | Saint Joe | AR | 1094.00 | 3 collection ltrs-wrote off bad debt |
| 000593 | Elkins | AR | 527.35 | 3 collection ltrs-Turned to outside collection agency |

0005949LR    Springdale           AR           1124.35        1 collection ltr

It appears this may have been an inadvertent error when extraneous information was placed onto the spread sheet. (Doc. 73-8, Exhibit 18) [1]

The Policy and Procedures for OMS requires the following:

"THIRD PARTY FOLLOW-UP

C.  When and where appropriate, the billing office will send statements to patients on a cycle billing basis. Cycle billing means that each patient is billed within seven days of the posting of charges. Patient statement generation and insurance claim production occur concurrently to elicit payment directly from the patient, regardless of the status of third party payments unless precluded by managed care contract or Medicare/Medicaid/Champus/Indian Health regulation".

"SELF PAY AND SELF PAY AFTER INSURANCE

B.     When a self pay or self pay after insurance patient account reaches a delinquency of 60 days, the billing office will:

1. Send the fist level collection letter or statement notice that is a friendly reminder to the patient that their account appears to be past due.

Note: Patients who reach this stage should have already received at least j2-3 statements with increasingly urgent payment messages". (Doc. 73-6. Exhibit 15)

The Collection Agent Job Description provided some Examples of Duties for collection of debt as follows:

---

[1] A letter from Defendant's attorney to the Court dated August 23, 2007 explains the discrepancy as an inadvertent error and that the actual correct data had been furnished to Plaintiff.

"EXAMPLES OF DUTIES: (This list may not include all of the duties assigned)

2.  Reviews each account via computer, reports and other information sources.

3.  Performs collection actions including contacting patients by telephone and resubmitting claims to third party reimburses.  Also obtains other sources of information such as medical records documents(s) in order to expedite claim processing.

6.  Reviews accounts for possible assignment to collection agency, makes recommendation to TPG Manager, and prepares information for collection agency.

PERFORMANCE REQUIREMENTS:

Knowledge of medical billing/collection practices...... Knowledge of governmental, legal and regulatory provision related to collection activities".  (Doc. 73-5, Exhibit 14)

The Defendant has not claimed privilege or that the cost of production is excessive but has stated that the document simply do not exist. The Court cannot order the Defendant to produce what does not exist but the court believe it should produce what it is capable of producing.

The **Motion for Production as it relates to the various Request is GRANTED** if the document exist, and the Defendant is instructed to answer the Plaintiff's Interrogatories within fourteen days. If the Document does not exist the Court will ORDER the Defendant to make a good faith effort to **REPRODUCE** the document, if possible, as it was originally produced within fourteen days.

Interrogatory No. 7 asked the Defendant to describe in detail the effort it has made to "preserve, search for, identify, collect, review, and produce relevant document".  The court believes this is a reasonable request, particularly where the Defendant is contending that no

documents exist.  **Interrogatory No. 7 is GRANTED** and the Defendant is instructed to answer the Plaintiff's Interrogatories within fourteen days.

### Financial Records:

The Plaintiff has asked the Defendant to "[P]roduce any and all balance sheets, profit and loss statements, audited and/or verified financial statements and tax returns for the past five years'.

The Defendant resist and contends that the request is premature and that no financial records should be produced until there has been a finding of fraud or a violation of the Fair Debt Collection Practices Act, 15 U.S.C Section 1692, et seq.. The Defendant cites Shulick v. Credit Bureau Collection Services, Inc. for this proposition. *Shulick v. Credit Bureau Collection*, 2003 WL 22100873 (E.D. Pa.). In the Shulick case the court stated that "[T]he discovery which plaintiffs seek to compel, and which defendant are resisting is an attempt to develop further information concerning the precise net worth of the subsidiary, Credit Bureau Collection Services, Inc.  Plaintiffs have **already been furnished pertinent financial statements and tax returns**, but have issued a very broad subpoena for further documentation from the accounting firm".  The court quashed the subpoenas issued in the Shulick case because they were "unduly burdensome".  That is not the situation here.  The Defendant have not furnished any financial information.

The Defense also cites Curtis v. Partain for the proposition that a claim for punitive damages is a serious matter and such information should not be made available unless clearly relevant. *Curtis v. Partain*, 272 Ark. 400 (1981) The court agrees with the assertion that the request for financial information should not be granted unless relevant.  In the Curtis v. Partain

case however the court specifically found that the claim for punitive damages had been waived. That is not the case here.

Notwithstanding, the Court finds that the discovery request in Request for Production No. 19 is premature at this time. The Shulick case was a "consolidated class-action". At the present time the current case has not been certified as a class action. Plaintiff's Motion for Class Certification (Doc. 47) was filed on May 16, 2007. The Defendant filed a Motion to Stay Class Certification (Doc. 52) on June 21, 2007. No determination has been made on the status of the class action. In addition, a Motion for Summary Judgment is pending which could affect the disclosure of such information.

The **Request for Production No. 19 is DENIED** at this time but may be reconsidered by the Court at a later time.

## Conclusion:

The Motion to Compel, therefore, is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 24th day of August 2007.

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge

11