IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDDIE DICKARD, individually and on
behalf of all others similarly situated              PLAINTIFF

v.                         Case No.  06-5176

OKLAHOMA MANAGEMENT
SERVICES FOR PHYSICIANS, LLC,
ORTHOPEDIC MANAGEMENT
SERVICES, LLC                                        DEFENDANTS

### ORDER

This matter is before the Court on Defendants' motion to stay class certification pending the Court's ruling on Defendants' motion for summary judgment (Doc. 52) and supporting documents (Docs 60 and 75) and Plaintiff's response (Doc. 70-1). For the reasons set forth herein, Defendants' motion is **GRANTED**. Plaintiff's motion for class certification is stayed pending a ruling on Defendants' motion for summary judgment.

Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 612 (8th Cir. 2003) citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). The Supreme Court has stated, "Embodied in the 'cases or controversies' requirement is the concept of mootness, which 'defines constitutionally minimal conditions for the invocation of

AO72A
(Rev. 8/82)

federal judicial power.'" *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 754 (1976). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Article III requires parties to have a continuing "personal stake in the outcome" of the lawsuit. *Baker v. Carr*, 369 U.S. 186, 204 (1962). This "personal stake" requirement "serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving." *Potter, supra* citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980).

In the present matter, Plaintiff is seeking certification of a class pursuant to Federal Rule of Civil Procedure 23. (Doc. 47-1). Defendants have filed a motion for summary judgment (Doc. 56) seeking summary judgment on all claims. If this Court grants summary judgment, it is apparent that Plaintiff would not have a "continuing personal stake in the outcome of the lawsuit" and therefore, the issue of class certification would be moot.

For the reasons reflected above, Defendants' motion to stay class certification is **GRANTED** and Plaintiff's motion for class certification is stayed pending a ruling on the motion for summary judgment.

2

IT IS SO ORDERED this 17th day of September, 2007.

                                             */s/ Robert T. Dawson*
                                             Honorable Robert T. Dawson
                                             United States District Judge

AO72A
(Rev. 8/82)