```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

EDDIE DICKARD, individually and on
behalf of all others similarly situated        PLAINTIFF

v.                          Case No.  06-5176

OKLAHOMA MANAGEMENT
SERVICES FOR PHYSICIANS, LLC,
ORTHOPEDIC MANAGEMENT
SERVICES, LLC                                  DEFENDANTS

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on Defendants' motion for summary judgment (Doc. 56) and supporting documents (Docs. 57-59, 61-63, 74); and Plaintiff's response (Doc. 67-1) and supporting documents (Docs. 68-69 and 80).

For the reasons set forth herein, Defendants' motion is GRANTED and Plaintiff's Complaint is DISMISSED. Further, Plaintiff's Motion for Class Certification (Doc. 47) is DENIED AS MOOT.

## STANDARD OF REVIEW

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must view all facts and inferences in the light most favorable to

1

**AO72A**
**(Rev. 8/82)**

the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986). "The non-moving party, however, must still "present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor." *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)). Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of his claim. *Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716 (8th Cir. 2003).

## BACKGROUND

Defendants are in the business of providing management services to physicians groups. These services include human resources, contracting, payroll, accounting and billing. Defendants had a contract with Intraoperative Monitoring Company ("IM") to provide these services to IM. (Doc. 59-1).

Plaintiff was involved in two automobile accidents. As a result of the injuries received, Plaintiff underwent surgery on May 4, 2005. Medical services were provided by IM. (Doc. 58). Defendants received the information on the medical services provided to Plaintiff shortly after the surgery and, after Plaintiff's insurance company denied the claim, Defendants billed Plaintiff for $1,124.35. Plaintiff received at least four statements generated by Defendants on behalf of IM. All of the

statements directed Plaintiff to send the amount due to IM. (Doc. 59-1). Plaintiff was never charged any fees, interest or penalties by Defendants. All monies paid on behalf of Plaintiff went directly to IM and were solely reimbursement for the medical services provided to Plaintiff by IM. (Doc. 59-1). Further, Plaintiff admits he owed the money and he voluntarily directed his attorneys to pay the bill. (Doc. 58).

Plaintiff contends Defendants have repeatedly contacted Plaintiff and other Arkansas residents in an effort to collect outstanding consumer debts in violation of A.C.A. § 17-24-301, which requires collection agencies to register with the Arkansas State Board of Collection Agencies ("Board")before contacting Arkansas residents regarding alleged outstanding consumer debts. (Doc. 1-2). Plaintiff contends Defendants did not register with the Board during the period alleged in the complaint, and any violation of the statute is a criminal offense pursuant to A.C.A. § 17-24-103. (Doc. 1-2).

Plaintiff alleges Defendants' failure to disclose to him that Defendants were not licensed by the Board and were prohibited from any contact with him amounts to a fraud in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff also contends Defendants asserted interest and control over Plaintiff's money which amounted to conversion on the part of the Defendants. (Doc. 1-2).

3

**ARGUMENT**

**Conversion**

"Conversion is ordinarily said to consist of the exercise of dominion over the property in violation of the rights of the owner or person entitled to possession." *Thomas v. Westbrook*, 206 Ark. 841, 177 S.W.2d 931, 932 (1944). Conversion can only result from conduct intended to affect property. *City Nat. Bank of Fort Smith v. Goodwin*, 301 Ark. 182, 187, 783 S.W.2d 335, 337 (Ark. 1990) citing W. Prosser, *Handbook of the Law of Torts* § 15 (5th ed. 1984). The intent required is not conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights. W. Prosser, *supra*.

Defendants contend Plaintiff cannot prove the elements necessary to sustain his cause of action for conversion. Specifically, Defendants state the facts reflect Plaintiff has suffered no damages and that Plaintiff testified in his deposition the debt was legitimate and he consented to the payment of the debt by his attorney. Plaintiff testified he never revoked his consent for payment of the bill or demanded any payment back. Further, Plaintiff testified the only amount he paid was the amount of the bill for the medical services provided. He was not charged any penalty, interest or fee. (Doc. 62-63).

Finally, Defendants argue they never exercised control or

4

dominion over Plaintiff's money. The check was made out to Intraoperative Monitoring Company ("IM"), the provider of the medical services, mailed to IM's post office box and deposited into IM's bank account. At no time did Defendants have dominion or control of the money. (Doc. 57).

Plaintiff contends he was entitled to possess his money and Defendants intentionally took or exercised dominion or control of it in violation of Plaintiff's rights by asserting an interest in fees, interest, costs and penalties that Defendants were not lawfully entitled to possess. Plaintiff further contends that even though he never paid any interest, penalty or fee, Defendants profited by the transaction as they were paid by IM for the services they provided in connection with the collection of Plaintiff's debt. Plaintiff asserts Defendants should be ordered to disgorge those profits.

Defendants have shown there exists no issue as to material facts on the claim of conversion. Plaintiff cannot show his money was ever under the dominion or control of Defendants. Plaintiff never paid anything more than what he admitted he owed for the medical services provided and what was paid went directly to IM. Plaintiff can show no material facts in dispute to prove his claim of conversion. Defendants' motion for summary judgment on the claim of conversion is therefore **GRANTED**.

5

**Fraud**

In order to prove fraud, under Arkansas law, Plaintiff must prove five elements: (1) that Defendants made a false representation of material fact; (2) that Defendants knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that Defendants intended to induce action or inaction by Plaintiff in reliance upon the representation; (4) that Plaintiff justifiably relied on the representation; and (5) that Plaintiff suffered damage as a result of the false representation. *Wal-Mart Stores, Inc. v. Coughlin*, —-S.W.3d —- (Ark. 2007) citing *Bomar v. Moser*, —Ark.—, —S.W.3d—(Ark. 2007). It is also a "well-settled principle under our case law that damages are an essential element of fraud, and there must be an allegation of sufficient facts to satisfy the damage element or the case is subject to a motion to dismiss." *Wallis v. Ford Motor Co.*, 362 Ark. 317, 320, 208 S.W.3d 153 (Ark. 2005)citing *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002).

Plaintiff contends Defendants committed fraud when they contacted Plaintiff and failed to disclose they were not registered with the Board as required by Arkansas statute. Plaintiff contends this omission was material as it would have been a substantial factor in influencing Plaintiff's decision to provide payment. Plaintiff contends this failure to disclose by

6

Defendants that they were not licensed by the Board and therefore prohibited from contacting Plaintiff was intended to induce Plaintiff to act in reliance on the communication that a debt was being lawfully sought.  Plaintiff contends he justifiably relied upon the Defendants' representations through the unlawful contacts and paid fees, interest, penalties and costs to Defendants. Plaintiff was damaged as a result of this alleged fraud by the payment of the fees, interest, penalties and costs paid by him to Defendants.  (Doc.  1-2).

Defendants argue Plaintiff cannot prove he suffered any general or consequential damages.  (Doc.  57).  According to Plaintiff's testimony he only paid the actual charges incurred for the medical services he received.  He was never charged any fees, interest or penalty.  All monies owed to IM were paid by Plaintiff's attorney's to IM. His claim for damages is centered on the argument that he is entitled to any profits Defendants received from IM for collecting the money from Plaintiff.

Defendants have shown there are no material facts in dispute. Plaintiff admitted he owed the money and willingly paid it to IM. Plaintiff can show no damages, a necessary element of a fraud claim, as he never paid any fees, interest or penalties. Plaintiff only paid what he acknowledged he owed.  Plaintiff cannot prove the necessary elements of fraud and there are no material facts in issue.  Defendants' motion for summary judgment

on the issue of fraud is, therefore, **GRANTED**.

**Fair Debt Collections Practices Act ("FDCPA")**

The FDCPA is a consumer protection statute that forbids "debt collectors" from making false or misleading representations and from engaging in various abusive and unfair practices. 15 U.S.C. §§ 1692-1692o (1998). Debt collectors that violate the Act are subjected to civil liability for any actual damages sustained by the complaining party. 15 U.S.C. § 1692k. *Quinn III v. Ocwen Federal Bank, FSB*, —F.3d— (E.D. Ark. 2006).

The FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). 15 U.S.C. § 1692(a)(6)(F) excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person. . . "

Plaintiff alleges Defendants violated the FDCPA when they failed to disclose that they had not registered with the appropriate Board and were therefore prohibited by Arkansas law from contacting Plaintiff and attempting to collect a debt from

8

Plaintiff.  (Doc. 1-2).  Specifically, this failure to disclose what Plaintiff considers a material fact amounted to false representation of the character, amount or legal status of the debt; a false representation of the services rendered or compensation which may be received by any debt collector; a false representation as to Defendants' ability to take action that Defendants legally could not take or did not intend to take; and, Defendants' failure to disclose these material facts amounted to the use of a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.  (Doc. 1-2).

In support of their motion for summary judgment, Defendants argue they are not debt collectors due to the exception found in the FDCPA at 15 U.S.C. § 1692(a)(6)(F).  (Doc. 57). Defendants state they operate the day-to-day business office for IM, the provider of medical services to Plaintiff. Under the arrangement, IM transmits the billing information to Defendants within one week of the day services were provided before the obligation is considered in default.  (Doc. 57). Defendants then submit the insurance claim to the patient's insurance company.  If any portion of the bill remains unpaid after the insurance claim is paid, Defendants generate a statement in IM's name and mail the statement to the patient.  (Doc. 57). The statements are mailed in IM's name, with IM's address listed as the address to which

9

payment is to be sent. (Doc. 57).

It is undisputed that Defendants were responsible for submitting IM's insurance claims and sending out bills to patients for amounts not covered by insurance. It is clear Defendants obtained this right prior to the time the debt was considered in default.

Unlike "assignment", the word "obtained" is not defined by the FDCPA, therefore it should not be read to mean the same thing as assigned. Other courts, in considering the exception at issue here have determined "obtained" is meant to "encompass the possession of rights and responsibilities vis a vis the debt . . . Courts have applied the exemption found in §1692a(6)(F)(iii) not only to those who have purchased a debt prior to default, but also to those who had responsibility prior to default for collecting the debt owed to another." *Franceschi v. Mautner-Glick Corp.*, 22 F.Supp.2d 250, 254 (S.D.N.Y. 1998)(finding landlord's management agent was not a "debt collector" under FDCPA since it obtained the right to collect rent before it became overdue.). *See also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-7 (6th Cir. 1996) (finding assignee of plaintiff's installment contract for a car purchase was not a debt collector because the loan had been assigned before default.); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)(mortgage servicing company not a debt collector); *Jones v. Intuition, Inc.*, 12

10

F.Supp.2d 775, 778-79 (W.D. Tenn. 1998)(exemption applied to management company responsible for collection of condominium fees). The Congressional Report on the Act states the definition of a debt collector does not include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." S.Rep. No. 95-382 (1977) reprinted in 1977 U.S.C.C.A.N. 1695, 1698.

Plaintiff contends the debt was in default when Defendants obtained it because the account was due and had not been paid. (Doc. 69). Plaintiff ignores the process by which Defendants obtained the account. At the time Defendants received the information, there was no amount due by Plaintiff. Defendants first submit the information to the insurance company and then send a bill to Plaintiff. (Doc. 58). There is no account balance due at the time the information is received by Defendants. "The statute specifically does not apply to entities who acquire a debt 'not in default at the time it was obtained.'" 15 U.S.C. § 1692(a(6)(F)(iii). *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997). The Seventh Circuit found that Ameritech was not a debt collector under the FDCPA because, "while Ameritech does collect money owed to long distance companies and information providers, it does not acquire those debts after they are in default. It acquires those debts . . . at the moment each telephone call is placed . . . even before the consumer receives

11

a bill." *Id.*

Under Arkansas law, courts must give statutes a reasonable construction, not an absurd one. *Jackson v. Delta Special School Dist. No. 2*, 86 F.3d 1489, 1497 n. 7 (8th Cir. 1996); *see also Federal Express Corp. v. Shelton*, 265 Ark. 187, 578 S.W.2d 1, 9 (quoting *Hervey v. Southern Wooden Box, Inc.*, 253 Ark. 290, 486 S.W.2d 65, 69 (1972)). The plain language of §1692a(6)(F) simply states an individual in not a "debt collector subject to the FDCPA if the debt he seeks to collect was not in default at the time he purchased or otherwise obtained it." See *Quinn III v. Ocwen Federal Bank, FSB*, —F.Supp.— (E.D.Ark. 2006)(holding bank not debt collector because debt was not in default when obtained); *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998) (holding that the plain language of the FDCPA "tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased or otherwise obtained it.")

Under the plain meaning of the statute, Defendants are clearly not debt collectors. Defendants have proven there are no issues as to material facts and they are entitled to summary judgment. Therefore, Defendants' motion for summary judgment on Plaintiff's claim of a violation of the FDCPA is **GRANTED.**

**Additional Discovery**

Plaintiff claims the motion for summary judgment should not

12

be decided at this time as additional discovery is warranted. Additional discovery is not necessary as the key facts necessary for resolution of Plaintiff's claims are undisputed. Plaintiff states he is still seeking the corporate information of Defendants' parent company, as well as any contacts the company may have made with other Arkansas residents, and phone logs and copies of statements sent to other individuals. (Doc. 68). The information Plaintiff states he is seeking is related to his desire to certify this action as a class action claim.  That information is not necessary to a resolution of the motion for summary judgment currently before the Court.

## CONCLUSION

For the reasons reflected above, Defendants' motion for summary judgment is **GRANTED** and Plaintiffs' Complaint is **DISMISSED.** Further, Plaintiff's Motion for Class Certification (Doc. 47) is **DENIED AS MOOT.**

IT IS SO ORDERED this 15th day of October, 2007.

                                        */s/ Robert T. Dawson*
                                      Honorable Robert T. Dawson
                                      United States District Judge

AO72A
(Rev. 8/82)